(102 App. Div. 99.)

### In re CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. March 1, 1905.)

1. MUNICIPAL CORPORATIONS—CLOSING STREET—PROCEEDINGS TO ASCERTAIN DAMAGES—OBJECTION TO PETITION—ORDER—APPEAL.

Laws 1898, p. 393, c. 182, § 143, provides that, if after the discontinuance of a street, the damages cannot be fixed by agreement, they shall be ascertained pursuant to the condemnation law. The only specific authority for an appeal under the condemnation law is found in Code Civ. Proc. § 3360, which permits an appeal from the final order, and allows antecedent pro-

ceedings to be reviewed.  Section 1357 provides, in relation to appeals in special proceedings, that an appeal may be taken to the Appellate Division from an order affecting a substantial right.  *Held* that, where a city instituted proceedings to determine the amount of damages due a claimant for the closing of a street, an order overruling objections to the petition was appealable.

2. ASCERTAINMENT OF DAMAGES—PETITION—REQUISITES.

Code Civ. Proc., § 3360, subd. 3, provides that the petition for the institution of condemnation proceedings shall state, among other things, the public use for which the property is required, and a statement of the necessity of its acquisition for such use.  In proceedings by a city to ascertain the damages attendant on the closing of a street, the petition set out a copy of the ordinance, which recited the necessity of the proposed improvement, and alleged that the street was unnecessary, and a menace to the health and good order of the city, and that it was not desired by the abutting owners.  *Held*, that the petition was sufficient, under section 3360.

3. SAME—REQUISITES OF PETITION.

The petition was not insufficient because it did not allege that the city intended "in good faith to complete the work or improvement for which the property is to be condemned," as required by section 3360, subd. 7, Code Civ. Proc.

4. SAME—ALLEGATION AS TO CLAIMANT'S RESIDENCE.

One claiming damages having appeared before the commissioner of public works and presented his claim for damages, and having filed it against the city, the city's petition in the proceedings was not fatally defective for failing to state the residence of the claimant.

Appeal from Special Term, Monroe County.

Application by the city of Rochester for the appointment of commissioners to ascertain the compensation to be paid to John Neun as damages by reason of the closing of a street.  From an order overruling objections to the petition, the claimant appeals.  Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Myron T. Bly, for appellant.
Chester F. Kiehel, for respondent.

SPRING, J.  On the 13th day of October, 1903, the common council of the city of Rochester adopted an ordinance closing a specified part of Jordan alley, in said city, and providing for the assessment of the expense thereof upon lots or parcels of land enumerated in the ordinance.  Said ordinance was duly approved by the mayor of the city, and the required notice was thereafter given to all persons claiming to be damaged by the closing of the alley, and citing them to appear at a time and place designated in the notice.  The appellant appeared in response to the notice, and made a claim for damages, which was not allowed, and the commissioner of public works has been unable to agree with him as to the damages which he claims to have sustained by the closing of the alley.  The appellant filed a claim against the city for $4,000 for damages caused to him by reason of the discontinuance of said alley, and the city contends that the value of his easement, if any, therein, does not exceed six cents.  Thereupon the city commenced this proceeding for the appointment of commissioners to

ascertain the compensation to which the said Neun is entitled by reason
of the closing of said alley. The petition contains the facts above re-
cited, and, among others, the names of the officials of the city, a copy
of the improvement ordinance, a description of the street or alley al-
ready discontinued, and the facts showing the necessity for its dis-
continuance. The appellant appeared and interposed several prelim-
inary objections to the petition, which were overruled, and the order
appealed from was granted. The appellant presented a proposed an-
swer, which he was to be permitted to serve in case his objections were
disallowed, and the order refers the issues thus raised to a referee to
hear and determine.

The respondent contends that the order is not appealable. While
the proposition is not free from doubt, we think the weight of authority,
and of principle as well, is in favor of allowing the appeal. Matter of
Thompson, 86 Hun, 405–410, 33 N. Y. Supp. 467; Matter of Broad-
way and 7th Ave. R. Co., 69 Hun, 275, 23 N. Y. Supp. 609; Hooker v.
City of Rochester, 57 App. Div. 530, 68 N. Y. Supp. 301; Matter of
Mayor, 22 App. Div. 124, 47 N. Y. Supp. 965; Matter of City of
Buffalo, 64 N. Y. 547; Matter of City of Utica, 73 Hun, 256–260, 26
N. Y. Supp. 564.

The only specific authority for an appeal under the condemnation
law is found in section 3375 of the Code of Civil Procedure, which per-
mits an appeal from the final order, and allows the antecedent pro-
ceedings to be reviewed upon the appeal. Following strictly this pro-
vision, it has been held that an appeal from an interlocutory judgment
appointing commissioners to appraise lands in a proceeding of this
character is not permissible. Erie R. Co. v. Steward et al., 59 App.
Div. 187, 69 N. Y. Supp. 57; Village of St. Johnsville v. Smith, 61
App. Div. 380, 70 N. Y. Supp. 880; Stillwater, etc., R. Co. v. B. & M.
R. R. Co., 67 App. Div. 367, 73 N. Y. Supp. 744.

These authorities are not necessarily in conflict with the principle
already enunciated. When the proceeding has reached the status of
a judgment appointing commissioners, the preliminary stages have been
passed, and an appeal may well be deferred to await the final order. In
the present proceeding the objections were jurisdictional, in that they
alleged that the petition omitted certain essential facts. Objections of
this kind interposed at the threshhold of the proceeding ought to be de-
termined before the expense and delay of a protracted hearing, and
which possibly may be obviated.

The proceeding under the condemnation law is a special proceeding,
and, although there is no definite warrant for an appeal from a pre-
liminary order, the general rule applicable to special proceedings should
obtain. Code Civ. Proc. § 1357; Hooker v. City of Rochester, 57 App.
Div. 530, 68 N. Y. Supp. 301.

We think, however, the preliminary objections are untenable. At
the outset it is to be observed that the appellant, in his brief, proceeds
upon the assumption that the answer of the claimant is to be consid-
ered upon this appeal as it is contained in the record. The objections
merely attacked the sufficiency of the petition. The answer may raise
issues which, if determined favorably to the appellant, may defeat the

proceeding; but we are to treat the facts as contained in the petition as unchallenged, the same as where a demurrer is interposed to a pleading.

Section 143 of the White charter (chapter 182, p. 393, Laws 1898) prescribes the manner in which a common council of a city may discontinue a street, and the determination of the question rests with that body. After the discontinuance has been determined upon, the damages unless fixed by agreement are to be ascertained pursuant to the condemnation law. This course was adopted in the present proceeding, and the petition was in conformity to section 3360 of the Code of Civil Procedure, which sets out what the petition shall contain. Among the facts necessary to be set forth are "the public use for which the property is required and the concise statement of the facts showing the necessity of its acquisition for such use." Subdivision 3, § 3360, Code Civ. Proc. The appellant contends that there is not sufficient compliance with these requirements. The ordinance adopted recites the necessity of the contemplated improvement. The fifth paragraph alleged that the street is "unnecessary and useless as a public street, and is a menace to the health, safety, peace, and good order of the residents of said city of Rochester, and especially to the abutting owners thereon, and will necessitate a large expense to the city in maintaining, repairing, lighting, and grading the same"; that it is useless, and not desired by the abutting owners therein; and the petition further avers that the claimant's premises do not abut upon the alley discontinued. These allegations are a sufficient compliance with the statute. "Public use for which the property is required" is an essential allegation where property is to be taken from the owners. In this instance the city is not taking the land, but, for certain specified reasons, deemed adequate, is closing a street, and it is not, therefore, putting it to any use; and the facts authorizing the closing are ample to confer jurisdiction.

Another objection is that the petition does not allege that the city intends "in good faith to complete the work or improvement for which the property is to be condemned." Subdivision 7, § 3360, Code Civ. Proc. There is no averment of that kind. Again, that fact is important where property is to be acquired for some definite purpose. It cannot be vital when the city is not engaged in the acquisition of property, but closing an alley which has been in its possession and control for 40 years because its further occupany is deleterious to the public health, and its maintenance will involve a useless expenditure of money, and no actual improvement of the premises is designed—only their abandonment for street purposes.

It is urged also that the petition is fatally defective in failing to state the residence of the appellant. He appeared before the commissioner of public works, presented his claim for damages, and has filed it against the city, so that his identity is not in the dark.

As to these last objections it may be suggested that they are not sufficiently raised. The objections all relate to the insufficiency of the petition to vest the court with jurisdiction of the proceeding and to appoint the commissioners. Objections pertaining to defects of minor import, which could readily be supplied, should be raised specifically,

and not be concealed in general objections of a jurisdictional character, and which are supposed to reach to the heart of the proceeding.

The order should be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur.