STATEN ISLAND RAPID TRANSIT RY. CO. v. ROSENBERG et al.

(Supreme Court, Appellate Division, Second Department.    June 20, 1913.)

EMINENT DOMAIN (§ 253*)—CONDEMNATION PROCEEDINGS—APPEAL—OBJECTIONS TO PETITION.

The Condemnation Law (Code Civ. Proc. § 3364) provides that the provisions of law and of the rules of practice relating to the appearance of parties in actions in the Supreme Court shall apply to condemnation proceedings after the service of the petition. Section 3375 authorizes an appeal from a final order in condemnation proceedings entered after the report of commissioners, which brings up for review all proceedings subsequent to the judgment, and provides that such an appeal authorizes a review of proceedings antecedent to the judgment, if appellant states in the notice that the same will be brought up for review. Sections 3367 and 3376 declare that no other appeal is authorized, unless a trial of the issues has been had before the court or a referee, and judgment has been rendered for the defendant. *Held*, that an order overruling objections to the petition was in the nature of an order overruling a demurrer, and unappealable.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 660–664; Dec. Dig. § 253.*]

Appeal from Special Term, Richmond County.

Condemnation proceedings by the Staten Island Rapid Transit Railway Company against Charles Rosenberg and others. From an order overruling preliminary objections filed by the People of the State of New York and others, appointing Walter Shaw Brewster referee to hear and determine the issues raised by the petition and answer, the objectors appeal. Dismissed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Wilber W. Chambers, Deputy Atty. Gen., for appellants.

Marvin W. Wynne, of New York City, for respondent.

BURR, J. Upon a duly verified petition, plaintiff moved for judgment that the public use requires the condemnation of the real property described therein; that plaintiff is entitled to take and hold such property for the public use specified, upon making compensation therefor, and that commissioners be appointed to determine the amount thereof. Upon the return day of the motion, defendants the people

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the state of New York and the commissioners of the land office of the state of New York appeared and interposed an answer. This answer is not made a part of the record in this case, but the fact that said defendants did answer is recited in the order appealed from. At the same time said defendants interposed certain so-called preliminary objections to the granting of the motion, upon the ground that the petition was insufficient in certain particulars. The learned court at Special Term overruled these objections and made an order appointing a referee to hear and determine the issues raised by said petition and answer, and from that order this appeal comes.

We think that the appeal must be dismissed. The Condemnation Law (Code of Civil Procedure, §§ 3357–3384) does not in express terms authorize the service of a demurrer. It does provide that:

"The provisions of law and of the rules and practice of the court, relating to the appearance of parties in person or by attorney in actions in the Supreme Court, shall apply to the proceeding from and after the service of the petition." Code of Civil Procedure, § 3364.

Under the former Railroad Law (Laws 1850, c. 140), whose provisions were less liberal in expression, it was held that such preliminary objections, when interposed, might be treated as a demurrer. In re New York, West Shore & Buffalo R. Co., 64 How. Prac. 216. If we should, therefore, treat the order appealed from as an order overruling a demurrer, it is sufficient to say: First, that, having answered, defendants must be deemed to have withdrawn said demurrer; and, second, that such an order may not be reviewed by direct appeal therefrom. An appeal may be taken from the final order in condemnation proceedings, entered after the report of the commissioners, which appeal brings up for review all the proceedings subsequent to the judgment. Id. § 3375. Upon such appeal all proceedings antecedent to the judgment may also be reviewed "if the appellant states in his notice that the same will be brought up for review." Id. No other appeal is authorized, unless a trial of the issues has been had, either before the court or a referee appointed to hear and determine the same (Id. § 3367), and judgment has been rendered in favor of the *defendant* (Id. § 3376).

It follows that the appeal must be dismissed, with costs and disbursements. All concur.