Rose Maggi, Respondent, *v.* Guiseppi A. Sabatini et al., Appellants.

(Argued January 14, 1929; decided February 13, 1929.)

*Morris E. Gossett* for appellants. The judgment is appealable to this court. (*Moulton* v. *Carnish,* 138 N. Y. 133; *Produce Bank* v. *Morton,* 67 N. Y. 199; *Albany Hospital* v. *Albany Guardian Society,* 214 N. Y. 435; *Brown* v. *Feek,* 234 N. Y. 38; *Trust Co. of America* v. *Boxboard Co.,* 213 N. Y. 334.)

*Ralph Stout* and *Charles H. Levy* for respondent. The appeal should be dismissed. (*McKeown* v. *Officer,* 127 N. Y. 687; *Anderson* v. *Daley,* 159 N. Y. 146; *King* v.

*Barnes,* 107 N. Y. 645; *Walker* v. *Spencer,* 86 N. Y. 162; *Melenky* v. *Melen,* 206 App. Div. 46; *Victory* v. *Blood,* 93 N. Y. 650; *Clarke* v. *Brooks,* 1 Abb. Ct. App. Dec. 355; *Cambridge Valley National Bank* v. *Lynch,* 76 N. Y. 516.)

*Per Curiam.* We would be content to affirm this judgment without opinion were it not that a question has been raised as to the jurisdiction of this court to entertain the appeal. The Special Term dismissed the complaint upon the merits. The Appellate Division reversed the findings made by the Special Term and made new findings. Upon such new findings it directed judgment in favor of the plaintiff, awarding her a one-half interest in two city lots and in a real property mortgage, and directed the defendants to execute and deliver to her a deed of a one-half interest in the lots and an assignment of one-half interest in the mortgage within ten days after the service of a certified copy of the judgment. It also directed an accounting before a referee of certain moneys paid by the plaintiff to the defendants and directed that the referee determine the purpose of a certain bank account.

The judgment entered upon the order of the Appellate Division was denominated an interlocutory. judgment. We think it was a final judgment in regard to the two lots and the real property mortgage. Nothing remained to be done except to make the transfers as directed. In effect, the Appellate Division severed two causes of action, finally disposed of the appeal as to the lots and real property mortgage and awarded immediate execution, and remitted the matter of an accounting.

Under the facts in this case we think this court should treat the judgment of the Appellate Division as final as regards the two city lots and the real property mortgage, and, therefore, appealable as a matter of right under section 589, subdivision 2, of the Civil Practice Act and artic e 6, section 7, of the Constitution. (*Forgay* v.

*Conrad*, 6 How. [U. S.] 201; *American Brake Shoe & Foundry Co.* v. *New York Rys. Co.*, 282 Fed. Rep. 523; *Carondelet Canal & Navigation Co.* v. *State of Louisiana*, 233 U. S. 362; *Thomson* v. *Dean*, 7 Wall. [U. S.] 342.)

The judgment of the Appellate Division in so far as it directs the execution of a deed and an assignment of a mortgage should be affirmed, with costs, and the appeal from that part of the judgment of the Appellate Division which directs an accounting before a referee dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.