C. CASE PERCY et al., Appellants and Respondents, *v.* ELIZABETH L. HUYCK et al., Respondents and Appellants.

(Argued October 24, 1929; decided November 19, 1929.)

*Hampton H. Halsey* for plaintiffs, appellants and respondents. The letters of the defendant read in connection with the instrument accompanying the deeds of conveyance are sufficient writings within the provisions of section 242 of the Real Property Law to prove and establish that the defendant Elizabeth L. Huyck took and held the premises in question in trust for the plaintiffs in this action and Arthur Barber, deceased. (*Wright* v. *Douglass,* 7 N. Y. 564; *Hutchins* v. *Van Vechten,* 140 N. Y. 115; *Sinclair* v. *Purdy,* 235 N. Y. 245.) If there is a failure of proof to establish a trust relationship then the circumstances require the finding of such by implication or operation of law. (*Wood* v. *Rabe,* 96 N. Y. 426; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Gallagher* v. *Gallagher,* 202 N. Y. 572; *Sinclair* v. *Purdy,* 235 N. Y. 245; *McKenna* v. *Meehan,* 248 N. Y. 206.)

*George P. Decker* for defendants, respondents and appellants. There was no trust as known to the law effectually imposed as to the block. (*Fisher* v. *Hall,* 41 N. Y. 416; *Erdlich* v. *Minder,* 65 App. Div. 496; *Wright* v. *Douglass,* 7 N. Y. 564; *Bates* v. *Ledgerwood Co.,* 130 N. Y. 200; *McKenna* v. *Meehan,* 248 N. Y. 206; *Ludlam* v. *Rector,* 144 App. Div. 207; *Phelps* v. *South Park Commissioners,* 119 Ill. 626; *Hutchins* v. *Van Vechten,* 140 N. Y. 115; *Van Cott* v *Prentice,* 104 N. Y. 45; *Bowen* v. *Beck,* 94 N. Y. 86; *Schley* v. *Fryer,* 100 N. Y. 71; *Farmers L. & T. Co.* v. *Winthrop,* 238 N. Y. 447; *Young* v. *Young,* 80 N. Y. 422; *Kinne* v. *Ford,* 52 Barb. 194; *Webbs Academy* v. *Hidden,* 118 App. Div. 711.) Elizabeth's title to the Tracy street property did not become subject

to a trust in favor of decedent of which he might dispose. (*Dillaye* v. *Greenough*, 45 N. Y. 438; *Weigert* v. *Schlesinger*, 150 App. Div. 765.) Elizabeth has unqualified title to the Flint street property. (*Farmers L. & T. Co.* v. *Winthrop*, 238 N. Y. 477; *People* v. *Powers*, 147 N. Y. 104; *Gueutal* v. *Gueutal*, 113 App. Div. 310.)

CRANE, J. This is an appeal from the Appellate Division of the Fourth Department which modified an interlocutory judgment. The case is appealable under our decision in *Maggi* v. *Sabatini* (250 N. Y. 296), because the interlocutory judgment directed the immediate delivery of deeds and the assignment of mortgages. The balance of the judgment is for an accounting. We considered such a judgment final as to the former part.

The facts are these: Frank T. Percy was a bachelor, living with his sister at 21 Tracy street, Rochester, N. Y. The title to Tracy street was in this sister, the defendant Elizabeth L. Huyck. Frank owned two pieces of property known as 95 Flint street and the " Block " property on Reynolds street. Frank died on the 18th day of January, 1912. A little less than two months before his death, and on November 27th, 1911, he gave deeds of these two pieces of property owned by him to his sister, which were duly recorded. At the same time he gave her a paper which was not to be opened until his death, and which read as follows:

" ROCHESTER, N. Y., *Nov.* 27, 11.

" I give to my sister Mrs. Elizabeth Huyck my house and lot on Flint St. num. 95. My interest in house and lot on 21 Tracy St. In case she dies without having any children of her own she is to will this property to Frank and Leland Percy.

" My insurance money is to be used in paying my debts. ` I owe Charley Gaylord Five $500.00 and pay Minnie her money on the note she hold.against me. What property I have left shall be equally divided among C. C.

Percy, Harland Percy, Leland Percy, Franklyn Percy, Frances Barber, Katherine Barber, Arthur Barber. This property is not to be divided until ten years after my death.

"In case any one of these seven heirs should have a sickness of any account they can draw on this property for that expense without any loss to them in the final settlement. This block can be sold or traded for other property just as you see fit. If sold would prefer to have the money put out on a mortgage.

"(Signed)          ·F. T. PERCY."

The trial court found that the plaintiffs, who are the surviving nieces and nephews of Frank, owned the "Block" property and entitled to a deed thereof to the extent of six-sevenths; that Frank and Leland W. Percy have a remainder in 21 Tracy street and 95 Flint street. The Appellate Division modified the judgment by deciding that 95 Flint street belonged to Mrs. Huyck in fee.

The Special Term based its judgment upon declarations of trust made by Mrs. Huyck in certain letters, even as to 21 Tracy street, which she held in her own name. Thus on March 11th, 1912, she wrote to her sister as follows: "In regard to his real estate he deeded everything to me his interest in the home on Tracy St as we owned that together also a house and lot on Flint St and the city block which he exchanged for the farm is to be divided among Martin's four boys and Minnie's two girls equally at any time I see fit to dispose of it for he left it all to my judgment he had a life insurance of $2,000 and it has taken that and a good deal more to settle his affairs."

On September 17th, 1923, she wrote to the wife of one of the nephews: "Now I am sending you $250.00 dollars which is part of what is for Harland and wish I could send it all but as we told you we did not get cash for the Block and it is being paid off very slow."

Another letter dated December 5th, 1924, to one of the

nephews is a lengthy account of the aunt's handling of the property since her brother's decease. It opens with the following sentence: "It has now arrived at the time where I wish to give you some idea of what I have been doing since Brother Frank passed away in Jan. 1912," and also contains this statement: "I am sending each one a letter similar to this all but Charley, and I will not bother him with one and for this reason. He has given up all interest in it and in one of his letters to me he also very frankly stated that he had given up thinking about having any interest in it whatsoever and he also states that he does not consider that he has any, but this will not stop me from sending him what belongs to him when I get it and if he returns it to me I will then divide that among you."

On November 1st, 1926, Mrs. Huyck also wrote to Frances and Katherine Barber, two of the plaintiffs, as follows:

"Now girls you are both old enough to know that your Uncle Frank left no will, nor nothing like it but he did leave with me a statement, of his affair's which was a strictly private matter which was intended only for me and not for the public. and in this his niece's and nephew's would be remembered equally if things matured as he hoped they would for at that time things looked rather dubious to him.

"When your uncle Frank left us it was farthest from his thought to place me under any obligations to any one and he did not do so. He told me to do the best I could and then all concerned should be satisfied. He had implicit confidence in me and I have not betrayed it, for my conscience is clear and you know me well enough to know that there is no crooked way in me, but by the tone of your letter do you wish to convey that thought? If you do you are all wrong."

These letters explained the purpose of the deeds to Elizabeth L. Huyck and were sufficient to declare a trust

in the property received. (*Sinclair* v. *Purdy*, 235 N. Y. 245; *McKenna* v. *Meehan*, 248 N. Y. 206.)

The Appellate Division, as above stated, modified the finding of the Special Term that the Flint street property was deeded in trust. The punctuation of the paper writing which was handed to Elizabeth with the two deeds gave the occasion for this modification by the Appellate Division. The first sentence is complete in itself, " I give to my sister Mrs. Elizabeth Huyck my house and lot on Flint St. num. 95." Here the matter relating to Flint street stops. " My interest in house and lot at 21 Tracy St. In case she dies without having any children of her own she is to will *this* property to Frank and Leland Percy." The Appellate Division was of the opinion that " this property " referred only to No. 21 Tracy street, and did not include the Flint street property. We are not inclined to differ with the Appellate Division in this ruling, although something can be said for the other construction.

The Appellate Division, however, affirmed the Special Term in all other particulars, including the direction to immediately give over deeds and mortgages to the plaintiffs. Immediate action is unnecessary; the decree goes too far.

Mrs. Huyck in 1923 conveyed the Block property to one Garson Merimsky, taking back deeds and mortgages. She also, in March, 1915, procured $2,500 on a mortgage on the Tracy street property. The Special Term, affirmed by the Appellate Division, has directed that she pay the mortgage, $2,500, and cancel it of record; that she immediately deed the property and transfer the mortgages received from Merimsky to the plaintiffs and that she account for all moneys received. Mrs. Huyck not only paid debts and claims against her brother but expended moneys in the upkeep of the Block property and the Tracy street property. She should not be compelled to deed to these plaintiffs the property representing

the Block property until she is reimbursed for her expenditures. Neither should she pay and satisfy the mortgage on the Tracy street property until it fully appears what she has paid out not only on these properties but in behalf of her brother, Frank Percy.

The judgment of the Appellate Division and that of Special Term are, therefore, modified by providing that the direction to turn over the property received for the Reynolds block and the order to satisfy the mortgage on the Tracy house and lot be delayed until final determination upon the accounting of the amount which may be due to Elizabeth Huyck for moneys advanced and expenditures made in behalf of the upkeep of these properties or in behalf of Frank Percy, her brother. The judgments of the Appellate Division and the Special Term should be modified in accordance with this opinion and as thus modified affirmed, without costs.

POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., concurs, but is of the opinion that the trust should be extended to the Flint street property.

Judgment accordingly.