CITY BANK FARMERS TRUST COMPANY, Individually and as Trustee, Plaintiff, v. ANNA F. ERNST et al., Appellants, and CITY BANK FARMERS TRUST COMPANY, as Executor of WOOD FOSDICK, Deceased, et al., Respondents, Impleaded with Another.

(Argued January 12, 1933; decided January 24, 1933.)

*Windsor B. Putnam* and *Fitzhugh McGrew* for appellants.

*E. J. Dimock* and *Lewis L. Delafield* for respondents.

POUND, Ch. J. The judgment appealed from is interlocutory and the appeal must be dismissed. (Civ.

Pr. Act, § 588, subd. 1; *Van Arsdale* v. *King*, 155 N. Y. 325.) The action is for an accounting and a judicial construction of a deed of trust. The judgment construes the deed and directs an accounting. The appellants are entitled to the net income from two funds respectively during life. These funds consist of shares of the common stock of the General Electric Company. The question decided had to do with the meaning of the words " net income." Appellants contend that it includes not only cash dividends declared on the stock but also certain dividends, in form stock dividends, declared in stock of one of its subsidiary companies. Unquestionably the plaintiff must account to the beneficiaries for all cash dividends received on the two funds.

The deed of trust provided: "Anything hereinabove contained to the contrary notwithstanding, said Trustee shall transfer to said Donor, or if he is dead, to his executor or administrator, free of all trusts hereby created, any and all stock dividends which it may from time to time receive on any stocks held by it hereunder." The court below has held that the stock dividends so declared belong to the residuary estate. This is a question of law arising in the course of the trial on the proper construction of the deed of trust but the judgment so holding does no more than decide that incidental question. The appellants remain in the action for all the purposes of the accounting.

The case is like *Webster* v. *Webster* (243 N. Y. 520). In that case, which was for the partition of several parcels of real estate, appellant Libbie Traktman, who claimed title from Henrietta Sarah Webster, was found to be entitled to a one-seventh interest in ten or more separate parcels of real estate. As to one parcel only she claimed to be the owner in fee. The courts below found against her but she was not held to have *no* interest therein. The judgment had no element of finality as to her. (*Brown* v. *Feek*, 204 N. Y. 238; *Albany Hospital* v. *Albany Guardian*

*Society,* 214 N. Y. 435; *Sinclair* v. *Purdy,* 235 N. Y. 245; *Matter of City of New York* [*Staten Island*], 237 N. Y. 275.)

The case is not like *Maggi* v. *Sabatini* (250 N. Y. 296). There the interlocutory judgment put defendants out of the case by directing the execution of a deed and an assignment of a mortgage as well as an accounting. In that case the appeal from so much of the judgment as directed an accounting was dismissed but the appeal as to the other part of the judgment was entertained. Here the judgment construes a deed of trust and directs an accounting, but it does not put the appellant out of the case. It merely lays down a rule governing the accounting.

The appeal should be dismissed, with costs.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Appeal dismissed.