In the Matter of the Application of THE BOARD OF
TRANSPORTATION OF NEW YORK, Respondent, Relative
to Acquiring Title to Real Property Required for
Rapid Transit Purposes in the Borough of Manhattan.
JOSEPH N. EARLY et al., Appellants.

(Argued September 29, 1936; decided October 13, 1936.)

*James F. Donnelly, Walter J. McNichols* and *Charles M. Early* for appellants.

*Paul Windels, Corporation Counsel* (*Paxton Blair* and *Alfred D. Jahr* of counsel), for respondent.

CRANE, Ch. J. Pursuant to authority conferred by section 43 of the Rapid Transit Act (L. 1891, ch. 4, as amd.; L. 1915, ch. 604, § 2; L. 1932, ch. 390, § 3), the Board of Transportation, after due publication of the notice of intention to condemn, applied to the Supreme Court for an order providing for the determination, by the court without a jury, of the compensation which should justly be made to the owners of the property condemned. The Sixth Avenue Subway is to run from Carmine street to Fifty-third street, and the property here in question is located at Sixth avenue and Forty-sixth street to be used for the construction of a working shaft and plant. The order was granted March 9, 1936, which thereupon, pursuant to the provisions of law, vested title in the city. (Rapid Transit Act, § 47.)

The owner of the property mentioned has appealed from the affirmance by the Appellate Division (one justice · dissenting) and seeks to present the objection that the use for which his property is taken is not justified by the act or public within the meaning of the Constitution. The city has moved to dismiss the appeal as the order of the Special Term is not a final order, no award having as yet been made. The motion must be granted.

Section 55 of the Rapid Transit Act, as amended by chapter 612 of the Laws of 1917, reads:

"Appeal to the Appellate Division. Said city, or any party or person affected by the said proceeding and aggrieved by the final decree of the court therein, may appeal to the appellate division of the said court. * * * "

Section 56 of the Rapid Transit Act, added by chapter 604 of the Laws of 1915, permits an appeal to the Court of Appeals from the order of the Appellate Division as in other special proceedings.

" The final decree " in these condemnation proceedings is defined in section 49 of the Rapid Transit Act, added by chapter 604 of the Laws of 1915, and is the order or decree entered after and including the amount of the awards and the names of the owners to whom payable.

There is no constitutional right to an appeal in proceedings to take property for public use. (*Matter of Mayor, etc., of City of New York*, 99 N. Y. 569.) Notice and hearing constitute due process or a compliance with the constitutional provisions. The Legislature may or may not allow an appeal, and when it does the courts are bound by the conditions, if any. Here the appeal is limited to " the final decree " as explained and defined by the act.

Our rulings on final orders in *Percy* v. *Huyck* (252 N. Y. 168) and in *Maggi* v. *Sabatini* (250 N. Y. 296) have no application.

The appeal should be dismissed, with costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Appeal dismissed.