ANCHOR CONCRETE PRODUCTS, INC., Respondent, v. GEORGE ROETZER et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur, except WHEELER and VAN DUSER, JJ., who dissent and vote for reversal and for granting the motion in the following memorandum: We think the complaint intermingles three causes of action: one for damages for breach of contract, another to set aside a fraudulent conveyance, and a third to enforce the trust fund provisions of section 13 of the Lien Law. Since the proof under the various causes of action is "unrelated and would necessarily differ and concern different parties," defendants' motion to separately state and number should be granted. (*Lyon* v. *Israel*, 249 App. Div. 787.) *American Surety Co.* v. *Connor* (251 N. Y. 1, 7) and *State of Rio de Janeiro* v. *Rollins & Sons* (299 N. Y. 363, 367) merely hold that article 10 of the Debtor and Creditor Law abrogates "the ancient rule whereby a judgment and a lien were essential preliminaries to equitable relief against a fraudulent conveyance." These cases do not hold that only a single cause of action is presented. (Appeal from an order denying defendants' motion to compel plaintiff to separately state and number its causes of action.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.

■

In the Matter of KEVIN KILLEEN, an Attorney and Counselor at Law.— Order entered upon resignation striking name of attorney from roll of attorneys and counselors at law. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

## FOURTH DEPARTMENT, MARCH, 1954.■

### (March 3, 1954.)

■

CITY OF BUFFALO, Plaintiff, v. ROBERT C. HAYMAN et al., Defendants. (Proceeding for Condemnation No. 122.) — Stay vacated and motion for continued stay denied. Cross motion of the City of Buffalo to dismiss the appeal granted. Memorandum: No appeal lies from the order dismissing defendant's objections to plaintiff's petition for a preliminary order of condemnation granted pursuant to section 376 of the Charter of the City of Buffalo and striking defendant's answer.