In the Matter of WESTCHESTER JOINT WATER WORKS No. 1, Respondent, against LEON C. STOWELL, Appellant.— In a condemnation proceeding, the appeal is from an order which (a) granted respondent's motion to take immediate possession of the subject premises and devote them temporarily to the public use specified in the petition, and (b) denied appellant's cross motion to dismiss the petition on the ground that it is insufficient in law on its face (Rules Civ. Prac., rule 106, subd. 4). Appeal dismissed, without costs. In a condemnation proceeding under the Condemnation Law an intermediate order may be brought up for appellate review only on an appeal from the final order. Hence, until the entry of the final order no appeal will properly lie from any intermediate order (Condemnation Law, § 19; cf. *Matter of Board of Transp. of New York* [*Early*], 272 N. Y. 52; *Matter of County of Nassau* [*Renn*], 281 App. Div. 1032). The merits of the appeal have been examined, however, and if the appeal were not being dismissed the order would be affirmed. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

ALICE M. KELLY, Appellant, v. PAUL WASSERMAN, Respondent.— A proceeding brought in the Municipal Court of the City of New York to remove a tenant from a certain portion of a two-family house was transferred to the Supreme Court, Kings County, and was consolidated with an action in that court brought by the tenant to reform the landlord's deed so as to provide therein that she has a life tenancy in the portion of the house of which she is in occupancy. The appeal is from a judgment entered after trial before a Special Referee which (1) dismissed the complaint, and (2) directed a final order in favor of the landlord. The summary proceeding was brought on the ground that appellant, a former owner of the property, was a tenant at will and that the department of housing and buildings of the City of New York had served a notice that the premises were maintained as a nuisance and were unlawfully occupied as a multiple dwelling. Judgment affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In May, 1950 appellant conveyed her two-family house, in which she lived, to respondent. She testified that she did so on the representation of respondent that she could live in the house for life and without payment of rent. Respondent testified that it was agreed that appellant was to stay in the apartment in which she lived provided he had no trouble with the housing department. She lived there rent free thereafter until it was necessary, at the instance of a municipal department, to put out one of the three tenants. Respondent chose to dispossess the appellant, who has lived in the house for 57 years. There was at least an issue of fact presented as to reformation. Clearly, the deed was not a gift. The erroneous exclusion of entries in the records of the welfare department of the City of New York, which might have served to show that respondent had agreed to permit appellant to live in the house rent free, requires a new trial.