Domenick L. Gabrielli, J.
The answering defendants herein have made an application for a stay of all proceedings in the above matters and state that they intend to appeal from an order of this court dated October 22, 1959. The order to be appealed from overrules the objections of the answering defendants as set forth in their special appearances and denies their motions for dismissal of the petitions. In these special appearances, these defendants moved for a dismissal of the proceedings on the grounds that the petitions were defective in that (1) no bona fide effort to purchase the interests of the defendants was made by the plaintiff, and (2) the description of the lands sought to be condemned is insufficient in law and fatally defective.
There is no denial nor dispute that the court has jurisdiction of the subject matter.
*743 The foregoing matters have to do with the proposed condemnation of certain properties owned by the answering defendants. The plaintiff seeks to condemn the lands pursuant to the provisions of the Condemnation Law. Upon the return dates of the petitions, oral and written special appearances were made and filed by them. These matters were carefully considered by the court, and the applications for dismissal of the petitions were denied.
Appeals and stays in condemnation proceedings are governed by the provisions of section 19 of the Condemnation Law which contains specific requirements relating thereto. Section 19 provides as follows: ‘ ‘ Appeal may be taken to the appellate division of the supreme court from the final order, within the time provided for appeals from orders by article thirty-nine of the civil practice act; and all the provisions of such article relating to appeals to the appellate division of the supreme court from orders of the special term shall apply to such appeals. Such appeal will bring up for review all the proceedings subsequent to the judgment, but the judgment and proceedings antecedent thereto may be reviewed on such appeal, if the appellant states in his notice that the same will be brought up for review, and exceptions shall have been filed to the decision of the court or the referee, and a case or a case and exceptions shall have been made, settled and allowed, as required by the provisions of the civil practice act for the review of the trial of actions in the supreme court without a jury. The proceedings of the plaintiff shall not be stayed upon such an appeal, except by order of the court, upon notice to him, and the appeal shall not affect his possession of the property taken, and the appeal of a defendant shall not be heard except on his stipulation not to disturb such possession.”
The requirements as therein set forth have not been met.
In addition, in order for a stay to be granted, it must be clearly shown that the order to be appealed from is one that is appealable.
There is no question that the order in the above matters is not a final order.
The term “final order” referred to has been the subject of discussion in many of the reported cases.
In the case of Matter of Westchester Joint Water Works v. Stowell (6 A D 2d 888 [July, 1958]) an appeal was taken in a condemnation proceeding from an order which (a) granted respondent’s motion to take immediate possession of the premises, and (b) denied the defendants’ cross motion to dismiss the *744 petition on the ground that it was insufficient in law on its face. The appeal was dismissed, and in a unanimous decision, the court stated: “In a condemnation proceeding under the Condemnation Law an intermediate order may be brought up for appellate review only on an appeal from the final order. Hence, until the entry of the final order no appeal will properly lie from any intermediate order ”.
In the case of Matter of County of Nassau (Renn) (281 App. Div. 1032) an application for a stay was made to the Appellate Division. In that case the order appealed from appointed commissioners and made incidental directions, and the court stated that it was not a final order and therefore not appealable, and cited the cases of Union Free School Dist. No. 10 of Town of Hempstead v. Baumgartner (277 App. Div. 998, 1000); Matter of Village of Port Chester (Tunich & Sons) (279 App. Div. 941); Erie R. R. Co. v. Steward (59 App. Div. 187).
A case repeatedly cited by appellate courts relating to appeals and stays is City of Corning v. Carr (278 App. Div. 1018). There an appeal was taken by the defendants from an order denying their motion to dismiss a petition in a condemnation proceeding, and the Appellate Division (4th Dept.) unanimously dismissed the appeal on the ground that it was not from a “final order”. Motions for reargument and leave to appeal to the Court of Appeals were unanimously denied (278 App. Div. 1043).
The lastly cited case was discussed in Erie County Water Auth. v. Western New York Water Co. (281 App. Div. 1070) and distinguished but only on the ground that in the Erie County Water case {supra) a claim was made that the County Court was without jurisdiction of the subject matter. In the case at bar, no such claim has been made.
The Court of Appeals in Matter of Board of Transportation of N. Y. (Early) (272 N. Y. 52) reiterated the rule relative to appeal from a final order in a situation involving the Board of Transportation, and the rules concerning which were the same as set forth in the Condemnation Law.
The Condemnation Law makes no provision for an appeal by a defendant from a judgment whereby condemnation is adjudged and commissioners appointed, the exercise of his remedy being deferred until entry of the final order, from which he may then appeal and on such appeal obtain a review of the judgment and proceedings antecedent thereto. (Condemnation Law, § 19.) This remedy is exclusive, from and after the time of the granting of judgment. (Matter of Osborn v. Cohen, *745 272 N. Y. 55; City of Corning v. Carr, 278 App. Div. 1018, supra; New York State Elec. & Gas Corp. v. Smith, 269 App. Div. 725; Village of St. Johnsville v. Smith, 61 App. Div. 380; City of Albany v. Yaras, 1 A D 2d 989 [April 5, 1956].)
If the order in question were one appealable, and if the requirements as set forth in section 19 of the Condemnation Law were met, this court would have no hesitancy to grant a stay. However, such is not the case, and the application is denied.
Submit order.