8 N.Y.2d 983 (1960)
City of Buffalo, Respondent-Appellant,
v.
Ferry-Woodlawn Realty Company, Inc., et al., Appellants-Respondents, et al., Defendants.
Court of Appeals of the State of New York.
Argued June 8, 1960.
Decided July 8, 1960.
Frank G. Raichle, James O. Moore and Arnold Weiss for appellants-respondents.
Anthony Manguso, Corporation Counsel, for respondent-appellant.
Concur: Chief Judge DESMOND and Judges DYE, FULD, FROESSEL, BURKE and FOSTER. Judge VAN VOORHIS dissents in the following opinion:
*984 Order of the Appellate Division, insofar as it affirms Special Term's denial of defendants' motion with respect to their special appearance, affirmed, without costs. Question certified, insofar as it relates to this part of defendants' appeal, answered in the affirmative. Order of the Appellate Division denying plaintiff's motion to dismiss the appeal and order of the Appellate Division affirming preliminary order of condemnation reversed and the matters remitted to the Appellate Division for further proceedings in accordance with the following memorandum: In this condemnation proceeding, both plaintiff city and defendants appeal by permission of the Appellate Division upon certified questions. Since no appeal lies to the Appellate Division from the preliminary order of condemnation (see, e.g., Yaras v. City of Albany, 2 N Y 2d 844, affg. 1 A D 2d 989; City of Buffalo v. Hayman, 283 App. Div. 1010, motion for leave to appeal dismissed 307 N.Y. 685), the order of the Appellate Division, denying plaintiff's motion to dismiss the appeal taken by defendants to that court from Special Term's order granting *985 such preliminary order of condemnation, should be, on plaintiff's appeal, reversed, without costs, the matter remitted to the Appellate Division with directions to dismiss said appeal and the question certified answered in the negative. And, in view of this disposition, on the appeal by defendants from the order of the Appellate Division, the order, insofar as it affirms Special Term's preliminary order of condemnation, must likewise be reversed and remitted for dismissal. The question certified, insofar as it relates to this part of defendants' appeal, should not be answered. Question certified on plaintiff's appeal answered in the negative. Question certified on defendants' appeal not otherwise answered.
VAN VOORHIS, J. (dissenting).
By the order of the Erie County Special Term entered April 28, 1960, jurisdictional objections of defendants-appellants were disposed of, erroneously in some respects, in my opinion, and a "preliminary order of condemnation" was included in one paragraph without allowing opportunity to defendants-appellants to interpose an answer contesting the authority of plaintiff to institute and conduct this condemnation proceeding for the purpose asserted. By section 237-a of the Civil Practice Act defendants were authorized to interpose a special appearance in raising their objections to jurisdiction, and it is expressly provided that: "4. After a motion made pursuant to this section has been denied, the defendant may litigate the action on the merits without being deemed to have waived his objection to the court's jurisdiction over his person." Instead of complying with this mandatory provision, Special Term (as just stated) assumed to grant an order of condemnation as part of its order overruling the jurisdictional objections. The erroneous basis for doing this was that defendants had not made a general appearance. To have made a general appearance would have waived the special appearance, and it was to obviate the need for doing this that section 237-a of the Civil Practice Act was adopted. Neither is it any justification for the procedure adopted that the return date had passed. Defendants were not obliged to interpose a general appearance until the jurisdictional objections *986 had been decided. When they were decided it was by the order now before this court, which granted the order of condemnation in the same breath by which it overruled the jurisdictional objections. In objecting to this procedure, defendants were not obliged to submit their answer on the merits in advance of the time provided therefor both by the Buffalo Charter and the Condemnation Law, nor to present excuses for default since they were never in default. They were entitled to answer under the law and to have whatever issues were to be raised confronted directly and decided on the merits. The delay of which the city complains might have been considerably shortened and the proceeding expedited if this essential stage in the condemnation proceeding had been met and decided instead of being by-passed.
Much of the argument of the appeals by defendants and by the city on questions certified by the Appellate Division has concerned procedure. It is contended that these orders are not appealable. Although an interlocutory judgment of condemnation entered under section 13 of the Condemnation Law or the corresponding provision of the City Charter is not appealable except on an appeal from the final order, this nonappealability is limited to it and does not extend to other intermediate orders or judgments in the proceeding (City of Albany v. Yaras, 6 N Y 2d 749). Insofar as the order denied defendants' motion addressed to jurisdiction of person or subject matter or to the sufficiency of the petition, it was clearly appealable (Matter of Thomson, 86 Hun 405, affd. 147 N.Y. 701; Matter of City of Rochester, 102 App. Div. 99). The paragraph in the order upholding the right to condemn was entirely gratuitous and being part of the order is reviewable along with the paragraphs overruling the jurisdictional objections on which it was exclusively based. In Erie County Water Auth. v. Western N. Y. Water Co. (281 App. Div. 1070) it was said: "The attack upon the petition having been made before the joinder of issue, and upon the ground, inter alia, that the County Court was without jurisdiction of the subject matter, we think that the order, although intermediate in character, is appealable, notwithstanding the provisions of section 19 of the Condemnation Law."
Consequently, in my view, the denial by the Appellate Division in this case of the city's motion to dismiss this portion of *987 defendants' appeal was correct and should be affirmed on the city's appeal.
On defendants' appeal, in my judgment, the order should be reversed insofar as it overrules the objection that the city failed to negotiate with the owners of the property prior to the institution of the proceeding. This the city did not do, or did in so perfunctory a manner as not to amount to negotiation. Prior negotiation is a time-honored practice in condemnation, well established as a condition precedent by the decided cases as well as by section 74 of the General Municipal Law and is required to be alleged in petitions for condemnation by subdivision 5 of section 4 of the Condemnation Law. Nothing in the Buffalo City Charter dispenses with this requirement, and it was expressly directed by the resolution of the City Council purporting to authorize the institution of this condemnation proceeding. The order appealed from should be modified by sustaining this objection by defendants-appellants to the sufficiency of the condemnation petition.
In any event, the order should be modified by eliminating the paragraph directing condemnation to proceed summarily upon the denial of defendants' motion to dismiss the petition, and by substituting a paragraph allowing defendants to answer as required by section 237-a of the Civil Practice Act, in order to accord to them the unquestioned right to a day in court on whatever issues may be raised in accordance with sections 9, 11 and 13 of the Condemnation Law and section 376 of the Charter of the City of Buffalo.
Ordered accordingly.