In the Matter of the CITY OF JAMESTOWN, Respondent, v. JAMES N. SFETKO et al., Appellants, et al., Defendants.

Fourth Department, February 22, 1962.

*Gerace & Lodestro (Joseph Gerace* of counsel), for appellants.

*Daniel A. Isaacson* for respondent.

*Per Curiam.* " There is no provision in the Condemnation Law for an appeal from a preliminary judgment of condemnation in favor of the plaintiff. Defendant's remedy is to wait and appeal from the final order confirming the report of the commissioners, and bring up the interlocutory judgment upon that appeal. The same is true as to an order appointing commissioners, or overruling preliminary objections made to the petition." (17 Carmody-Wait, New York Practice, p. 371; *City of Buffalo* v. *Ferry-Woodlawn Realty Co.,* 8 N Y 2d 983; *City of Albany* v. *Yaras,* 2 N Y 2d 844, affg. 1 A D 2d 989; *Matter of Board of Transp.,* 272 N. Y. 52; *Matter of Westchester Joint Water Works* v. *Stowell,* 6 A D 2d 888; *City of Buffalo* v. *Hayman,* 283 App.

Div. 1010, motion for leave to appeal denied 307 N. Y. 685; *Staten Is. Tr. Ry.* v. *Rosenberg*, 157 App. Div. 472.)

There is a recognized exception to this rule where a fundamental jurisdictional question as to the sufficiency of the petition is presented prior to joinder of issue (*Erie County Water Auth.* v. *Western N. Y. Water Co.*, 281 App. Div. 1070; *Matter of City of Rochester* [*Neun*], 102 App. Div. 99; *Matter of Thomson*, 86 Hun 405, affd. 147 N. Y. 701) or where a distinct triable issue of fact is presented the determination of which after a trial would render the petition fatally defective (*City of Long Beach* v. *Long Beach Water Co.*, 209 App. Div. 902).

The issues tendered on this appeal bring it within the general rule and neither of the exceptions thereto. Therefore, the order is not appealable.

If the merits were reached, we would hold the order to be proper. The respondent commenced this proceeding to condemn certain lands, including those of appellants, for a public parking garage. The latter served an answer containing general denials and certain affirmative defenses. The city moved to strike the affirmative defenses and the appellants thereafter moved to dismiss the petition upon five stated grounds. While the unorthodox procedure adopted by both parties has resulted in unnecessary confusion, we treat, pursuant to section 26 of the Condemnation Law, the motion made by the city as one similar to that authorized by rule 103 of the Rules of Civil Practice. Thus considered, the affirmative defenses are plainly sham and frivolous and were properly stricken.

The defendants' motion, broadly construed, might be in part equated to one for judgment on the pleadings pursuant to rule 112 and the remainder thereof as an application similar to one under rule 113 for summary judgment dismissing the petition. Upon either such motion, the court may grant judgment for either party regardless of which party makes the motion. As to the portion of the motion under rule 113 no facts are submitted to establish that a triable issue exists. Indeed, the statutory law is to the contrary (General Municipal Law, § 72-j). Similarly, the remainder of the motion was properly denied because the petition is legally sufficient. In effect, when both motions were presented to County Court it had for determination the question as to whether any triable issue of fact was raised by the defendant and whether the city was entitled to judgment on the pleadings and the papers. The court properly granted the relief requested by the city. (Cf. Civ. Prac. Act, §§ 1295, 1300.)

The appeal should be dismissed.

Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ., concur.

Appeal from intermediate order and judgment of December 26, 1961, and order of January 22, 1962, granting condemnation unanimously dismissed, without costs on the ground that the order and judgment are not appealable.