VILLAGE OF WAVERLY v. WAVERLY WATER CO. et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

EMINENT DOMAIN—PROCEEDINGS—CONDITION PRECEDENT—CONDEMNATION BY MUNICIPALITY—PLANT OF WATER COMPANY.

Laws 1905, p. 2022, c. 723, providing that no municipal corporation shall have power to condemn lands "for any new or additional sources of water supply, until it has first submitted the maps and profiles therefor" to the state water supply commission, does not apply to a proceeding by a municipal corporation to condemn an established and fully equipped plant of a water company.

Appeal from Special Term, Tioga County.

Condemnation proceedings by the village of Waverly against the Waverly Water Company and others were dismissed, and plaintiff appeals. Reversed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Frank A. Bell (M. N. Tompkins and Randolph Horton, of counsel), for appellant.

Frederick E. Hawkes, for respondent the Waverly Water Company.

Reynolds, Stanchfield & Collin (Frederick Collin, of counsel), for respondent Sawyer, as trustee, etc.

J. B. Floyd, for respondent Goff.

COCHRANE, J. The Waverly Water Company is the owner of a fully equipped and established plant, whereby for a long time it has supplied the village of Waverly with water for domestic purposes and for the ordinary purposes of such a village municipality. Such plant consists of the appropriate franchises, lands, dams, easements, pipes, mains, reservoirs, hydrants, and other property essential and pertinent to a water supply established and maintained for the purpose of supplying the needs and requirements of the village of Waverly. By this ·

proceeding the village seeks to condemn and take over said existing plant in its entirety and in precisely the same form in which it now exists and has long been maintained for the use of the village.  The proceeding was dismissed, as stated in the order appealed from, "on the ground that said plaintiff failed and neglected to take the proceeding and to comply with chapter 723 of the Laws of the state of New York for the year 1905 and to procure the consent of the state water supply commission as in said act required."  Laws 1905, p. 2022.  The sole question now before us, therefore, is whether said act applies to the present proceeding.

The act, after creating a commission to be known as the "State Water Supply Commission," declares in section 2 thereof as follows:

"No municipal corporation or other civil division of the state, and no board, commission or other body of or for any such municipal corporation or other civil division of the state shall, after this act takes effect, have any power to acquire, take or condemn lands for any new or additional sources of water supply, until it has first submitted the maps and profiles therefor to said commission, as hereinafter provided, and until said commission shall have approved the same."

It thus appears that the point of this controversy is whether the object sought to be obtained by this proceeding constitutes a condemnation of lands "for any new or additional sources of water supply" within the meaning of said statute.  We are of the opinion that the statute has no application to a situation such as is here presented, and that it was unnecessary for the plaintiff to procure the consent of the state water supply commission.  A careful perusal of the statute convinces us that a fully equipped water plant which is and has been used for supplying a village with water as in the present case is not a "new or additional" source of supply contemplated by the statute.  The requirement as to the submission to the commission of maps and profiles seems to be inapplicable to such a case.  The third section of the act seems to contemplate the appropriation of a water supply new in the sense that it has been before unused.  It is not existing but "proposed reservoirs and other works," not profiles of existing aqueduct lines and flow lines of water, but profiles of such lines of water "when impounded," which are required to be submitted to the commission.  And throughout the section there was evidently in the legislative mind the idea of the construction and equipment of a system theretofore unused, and not a mere change of ownership of a system already established and in complete working order.

It cannot be doubted that one of the main objects of the statute was to protect municipalities and the inhabitants thereof from encroachments by other municipalities.  This is apparent from the provisions in section 3 of the act that the commission shall determine whether the proposed plans "are just and equitable to the other municipalities and civil divisions of the state affected thereby and to the inhabitants thereof," and that the commission may make such modifications in the proposed plans "as it may deem necessary to protect the water supply and the interest of any other municipal corporation, or other civil division of the state, or the inhabitants thereof, or to bring into co-operation all municipal corporations, or other civil divisions of the state,

which may be affected thereby." Of course, such object could find no application to the present case. And, while this beneficial purpose of the act is by no means the only object sought to be obtained thereby, it is not apparent how in a case like the present any beneficent result can be accomplished by subjecting the proceeding to the requirements of the act.

The only question here is whether the property of the Waverly Water Company shall continue to be owned by such company, or whether the ownership shall be changed to the village of Waverly. It is the same property which is to be used in the same manner for the benefit of the same people and for the same purposes. It is a matter of no consequence to the state at large or to any civil division of the state or to any of the inhabitants thereof, save to the parties to this proceeding, whether this water shall continue to be furnished by the Waverly Water Company or whether it shall be furnished in the same manner and for the same purposes and to the same extent by the village of Waverly. If the village were seeking to acquire any land or rights which had not already been acquired by the respondent company for the purposes of water supply, a different question would exist. But, as the only question involved is a proposed change of ownership of an existing system and not the acquisition of any other rights, the statute does not apply.

It may be said that this construction of the statute, in view of the fact that it only applies to municipal corporations and civil divisions of the state, would permit the acquisition of a new water supply by a person or corporation, which, in turn, might be immediately taken over by a municipality, and that thus the statute would be circumvented. That is doubtless true, and the Legislature recognizing the frailty of the statute in this particular amended it in the following year (chapter 415, p. 1010, Laws 1906) so as to make it applicable, not only to municipal corporations and other civil divisions of the state, but also to individuals and other corporations. While this amendment does not affect this proceeding, it reflects light on the purpose and meaning of the statute.

The judgment and order must be reversed.

Judgment and order reversed, without cost, and proceeding remitted to the Special Term for further action. All concur.