Chief Judge Desmond.
 

 This is a condemnation proceeding and the principal question is: Must plaintiff obtain the approval of the State Water Resources Commission before condemning defendant’s property?
 

 Plaintiff-respondent Great Neck Water Authority (hereafter called “ Authority ”) is a public benefit corporation organized in 1959 under the “ Great Neck Water Authority Act ” (Public Authorities Law, tit. 7-A), empowered by the act to supply and sell water within a Water Authority District which comprises what is known as the Great Neck Peninsula in the Town of
 
 *172
 
 Hempstead, Nassau County. The act (Public Authorities Law, § 1254, subds. 4, 6) gives plaintiff power to buy outright or through purchase of stock any existing water supply system or water distribution system in its territory or to condemn any water supply system or water distribution system within the limits of the town. Section 1254 of the act in its subdivision 6 stipulates that when any such acquisition is by condemnation the Condemnation Law shall apply and decrees that ‘ ‘ In the exercise of such power of condemnation, the property # * * shall be deemed, when so determined by the authority, to be for a public use superior to the public use in the hands of any other person, association or corporation ”.
 

 Defendant Citizens Water Supply Company of Newtown, a corporation (hereafter called “ Company”), supplies and sells water within a territory coterminous with, or nearly coterminous with the Great Neck Water Authority District. Company owns and operates a water supply plant and business with appropriate franchises and property. In other words, Company is using its franchises and tangible property to supply water within the Authority’s district and Authority’s petition is to be allowed to condemn all Company’s property so as to operate it as a governmentally owned utility.
 

 Company served an answer to the condemnation petition, pleading these defenses: that the petition does not sufficiently show that the taking is for a public use, that the statutorily limited borrowing power ($3,000,000) of Authority is inadequate to compensate plaintiff for the full value of its property sought to be condemned, and that the proceeding is prematurely brought in that Authority did not in good faith attempt before bringing the proceeding to negotiate with Company for the acquisition of the property. After so pleading Company moved for summary judgment on another ground, that is, that Authority had not before commencing the proceeding obtained the prior approval of the State Water Resources Commission for the taking. Authority cross-moved to strike all the defenses for insufficiency, and prayed for summary judgment of condemnation.
 

 The Nassau County Court denied both summary judgment motions but struck out as insufficient in law all the defenses except the one alleging a failure to negotiate, the court being of the opinion that this raised a question of fact. After examining
 
 *173
 
 the successive water supply control and regulation statutes and various decisions, the County Judge concluded that commission approval is not necessary for ‘
 
 ‘
 
 a mere change of ownership of a system already established and in complete working order ’ ’ (quoted from
 
 Village of Waverly
 
 v.
 
 Waverly Water Co.,
 
 117 App. Div. 336, 338, affd. 189 N. Y. 555, a decision hereinafter discussed).
 

 Company alone appealed to the Appellate Division which dismissed so much of the appeal as sought to reinstate the defenses stricken from Company’s answer. The Appellate Division held that this part of the order was, by reason of section 19 of the Condemnation Law, not appealable. The County Court’s denial of defendant’s summary judgment application was affirmed by the Appellate Division which ruled that the Conservation Law did not require prior commission approval for such an acquisition as is here attempted. The two Appellate Division Justices who dissented thought that this was such an acquisition of a “ water supply ” or a “ water supply from an existing approved source ” as to be included in the requirement of commission approval stated in section 450 (subd. [1], par. [a]) of the Conservation Law. The conflicting views of the Justices at the Appellate Division set up the principal issue on the appeal to this court.
 

 Before discussing that issue we will take up the question of appealability. Company argues that the Appellate Division committed error in dismissing Company’s appeal from the striking of three of the defenses pleaded in its answer. As to this, we agree with the Appellate Division. It is now settled that section 19 of the Condemnation Law, here applicable, means that no intermediate order made in the course of such a proceeding (including an interlocutory judgment of condemnation) is appealable unless it involves a fundamental jurisdictional question as to the petition’s sufficiency or a triable issue of fact determination of which against petitioner would render the petition fatally defective
 
 (Matter of Thomson,
 
 86 Hun 405, affd. 147 N. Y. 601;
 
 Matter of Manhattan Ry. Co.
 
 v.
 
 O’Sullivan,
 
 6 App. Div. 571, affd. 150 N. Y. 569;
 
 City of Buffalo
 
 v.
 
 Hayman,
 
 283 App. Div. 1010, motion for leave to appeal dsmd. 307 N. Y. 685;
 
 City of Albany
 
 v.
 
 Yaras,
 
 1 A D 2d 989, affd. 2 N Y 2d 844;
 
 City of Albany
 
 v.
 
 Yaras,
 
 6 N Y 2d 749;
 
 City of Buffalo
 
 v.
 
 Ferry
 
 
 *174
 

 Woodlawn Realty Co.,
 
 8 N Y 2d 983;
 
 Erie County Water Auth.
 
 v.
 
 Western N. Y. Water Co.,
 
 281 App. Div. 1070;
 
 Matter of Westchester
 
 Joint
 
 Water Works
 
 v.
 
 Stowell,
 
 6 A D 2d 888;
 
 Matter of City of Jamestown
 
 v.
 
 Sfetko,
 
 15 A D 2d 403). It follows that the Appellate Division had jurisdiction to decide so much only of the appeal as concerned the County Court’s denial of Company’s motion for summary judgment.
 

 The remaining question is: Was approval by the Water Resources Commission a prerequisite to the bringing of this condemnation proceeding? We think it was. The pertinent part of section 450 of the Conservation Law (as amd. in 1960 and as applicable to this proceeding) reads thus: “ (1) No person or public corporation authorized and engaged in, or proposing to engage in, the acquisition * * * use and distribution of water for potable purposes * * * shall have any power (a) to acquire or take a water supply or an additional water supply from an existing approved source; or (b) to take or condemn lands for any new or additional sources of water supply or for the utilization of such supplies; or * * * until such person or public corporation has first submitted the maps and plans therefor to the Commission, as hereinafter provided, and until the Commission shall have approved the same, or approved the same with such modifications as it may determine to be necessary as hereafter provided.” Although the phrase “ water supply” is not defined in the statute, it reasonably includes such a complex of lands, waters thereunder, structures and equipment as is owned by Company and used by it in selling water to the public. Section 450 thus requires permission for the taking of a water supply owned by an existing corporation as well as for the acquisition of an additional water supply from an existing approved source or of lands for a new or additional water source or the utilization thereof. Whether we regard Company as the owner of a “ water supply ” or of a “ water supply from an existing approved source ” or both, the statute applies. The fact that Company previously received commission approvals of its facilities and water sources does not make a new consent unnecessary for a transfer or condemnation. Such a construction of the Conservation Law is necessary to carry out the legislative purpose of giving the Water Resources Commission broad regulatory powers over the potable
 
 *175
 
 water supply of the whole State (see Conservation Law, §§ 435, 450, 451), natural and artificial, public and private, underground and surface (see definition in § 403, subd. [5]). The commission is directed (§ 451) to determine whether any plan (such as the one here under consideration) to take over a water system is justified by public necessity, whether it is just and equitable to affected municipalities and people and whether it makes fair and equitable provisions for the determination and payment of all legal damages. The over-all regulatory purpose cannot be achieved unless such determinations are made as to sales of existing facilities as well as the setting up of new ones.
 

 Authority’s argument, as well as decisions below, bases itself largely on
 
 Village of Waverly
 
 v.
 
 Waverly Water Co.
 
 (117 App. Div. 336, affd. 189 N. Y. 555,
 
 supra).
 
 But the
 
 Waverly
 
 case was decided under an earlier statute (L. 1905, ch. 723) which made commission approval necessary only as a preliminary to the power
 
 “
 
 to acquire, take or condemn lands for any new or additional sources of water supply”. In 1907 the
 
 Waverly
 
 case came down with its holding that this provision did not apply to the transfer of a fully equipped and operating water plant. In 1911 the commission’s annual report recommended to the Legislature
 
 “
 
 That the acquisition of private water companies by other private water companies, or by municipalities or the consolidation of private water companies without the consent of the Commission be prohibited” (p. 19). In the same year the Legislature responded (ch. 647) by inserting the language above quoted requiring submission of plans to and approval by the commission before any prospective supplier should have power
 
 “
 
 to acquire, or to take a water supply.” The Attorney-General’s brief tells us that, ever since the 1911 statutory change, the commission has considered the
 
 Waverly
 
 case as having been overruled, that all or nearly all applicants have acted on that same belief and that the commission has dealt with petitions for such approvals in some 25 cases from 1914 to 1961.
 

 So much of the Appellate Division order as denies defendant’s motion for summary judgment of dismissal should be reversed, with costs to defendant in this court and in the Appellate Division, and the motion granted; otherwise, the order should be affirmed; first and second certified questions answered in the negative, third certified question not answered.
 

 
 *176
 
 Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
 

 That part of the order which affirms the denial of defendant’s motion for summary judgment dismissing the petition reversed, with costs to defendant in this court and in the Appellate Division, and the motion granted; otherwise, the order affirmed in all respects. First and second questions certified answered in the negative; the third question certified not answered.