■ HENRY G. WILLIAMS, as Commissioner of the Department of Environmental Conservation of the State of New York, Respondent, v CITY OF SCHENECTADY, Appellant.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered April 3, 1985 in Schenectady County, which granted plaintiff's motion for a preliminary injunction.

On a prior appeal between these parties, this court held that defendant was required to obtain a permit from the Department of Environmental Conservation (DEC) pursuant to ECL 15-1501 before it could condemn certain interests in real property within the Great Flats Aquifer, defendant's major water source, as a new or additional source of its water supply (Matter of City of Schenectady v Flacke, 100 AD2d 349, lv denied 63 NY2d 603). Thereafter, defendant contracted for and intended to purchase a parcel of land (the Rowe Parcel herein) located within the Aquifer, admittedly without obtaining a permit from DEC. Defendant asserts that a permit is unnecessary for this purchase since its acquisition of the land is by purchase rather than by condemnation, that the land is

being acquired only for the maintenance of a water main, and that the water main is clearly authorized by existing permits.

Contrary to defendant's interpretation, the legislative purpose of ECL article 15 is to give the State exclusive control of water sources (ECL 15-0103). This power assures unified State regulations and conservation of water resources for the benefit of all the State inhabitants (ECL 15-0105). Considering this objective and purpose, defendant's attempted distinction between its acquisition of land by purchase and by condemnation is not relevant. If permitted, such a distinction would seriously diminish the legislative goals to be attained *(cf. Great Neck Water Auth. v Citizens Water Supply Co.,* 12 NY2d 167). Furthermore, defendant's attempted distinction ignores prior interpretations of ECL 15-1501 (1) (b) by DEC, the agency responsible for its administration, which has indicated that the section applies to purchase as well as to condemnation *(cf. Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Mitchell v Village of Croton-on-Hudson,* 45 Misc 2d 910).

Nor do we find merit in defendant's attempt to avoid a permit because the purported purpose of the purchase of the Rowe Parcel is to maintain an existing water main, a use that is exempt from the permit requirement under ECL 15-1501 (2). Defendant's attempted purchase here is not an extension of mains or the reconstruction or replacement of existing facilities, but merely the purchase of a potential water supply source. Any avowed limitation on the purpose of the purchase is at best peripheral. The claimed exemption contained in

ECL 15-1501 (2), therefore, is not applicable. The critical factor here is that defendant is attempting to obtain land that constitutes a water supply source and, as such, a permit is required, as found by Special Term *(see, Matter of City of Schenectady v Flacke, supra).*

The strong likelihood of plaintiff's ultimate success in this regard amply supports the conclusion of Special Term that the statute (ECL 15-1501) will be violated if the purchase without a permit is consummated. Such a showing is sufficient to support the grant of a preliminary injunction to plaintiff, and the order of Special Term should therefore be affirmed.

Order affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.