In the Matter of the Acquisition of Real Property by the County of Fulton. County of Fulton et al., Respondents; Village of Canajoharie, Appellant.

Third Department, March 17, 1988

### APPEARANCES OF COUNSEL

*Peter Henner* for appellant.

*Robert L. Maider (Joshua J. Effron* of counsel), for County of Fulton, respondent.

### OPINION OF THE COURT

CASEY, J.

Petitioner sought to acquire by eminent domain a 51-acre parcel of land located in the Town of Johnstown, Fulton County, within the boundaries of the proposed site of a solid waste management facility (hereinafter landfill), which petitioner intends to construct and operate. The subject property had been purchased by respondent Village of Canajoharie (hereinafter the Village) in July 1986 while petitioner was

seeking the approvals required by the State Environmental Quality Review Act (hereinafter SEQRA) (ECL art 8) and 6 NYCRR part 360. Claiming that the land was already being used for a public purpose and that petitioner had failed to comply with the hearing requirements of EDPL article 2, the Village sought dismissal of petitioner's eminent domain proceeding. Supreme Court rejected the Village's claims and granted the petition. We affirm.

The Village contends that it acquired and used the subject property as part of the Canajoharie Reservoir Watershed Protection Area, which was established by a resolution adopted by the Village on March 11, 1987. Village Law § 11-1106 authorizes the acquisition of land necessary for a water-works system, but ECL 15-1501 (1) (b) prohibits a municipality from acquiring "lands for any new or additional sources of water supply or for the utilization of such supplies" without first obtaining a permit from the Department of Environmental Conservation (hereinafter DEC). The Village concedes that it did not obtain a permit from DEC, but contends that ECL 15-1501 is inapplicable since the subject property was not acquired in connection with any new or additional sources of water. Rather, according to the Village, the property was acquired as a "buffer" to protect existing water supplies within the watershed of the Village's reservoir. This court has previously rejected similar arguments which have sought to apply a strict, literal interpretation to the permit requirement of ECL 15-1501 *(see, Williams v City of Schenectady,* 115 AD2d 204; *Matter of City of Schenectady v Flacke,* 100 AD2d 349, *lv denied* 63 NY2d 603), and we do so here as well.

The Village asserts that it has the power to acquire the property as necessary for its waterworks system (Village Law § 11-1106), but claims that the permit requirement is not applicable since the property is not an integral part of the water supply for that system. On its face this argument appears inconsistent, and closer analysis reveals a fatal flaw in the argument. The Village alleges that purchase of the subject property was necessary to protect the watershed of the Village reservoir from the threat of contamination. The threat, however, would not exist unless there also existed a hydrogeological connection between the subject property and the watershed whereby the potential contamination could enter the watershed. But if such a hydrogeological connection existed, ground water and/or surface water from the subject property would flow into the watershed and be an additional

water supply for the reservoir. Thus, the permit requirement is applicable (see, *Williams v City of Schenectady, supra).* Without a permit, the Village lacked the authority to acquire the subject property (see, ECL 15-1501) and, therefore, the property was not being used for a public purpose when petitioner sought to take it by condemnation.

It is also significant that the Village acquired the subject property and created its Reservoir Watershed Protection Area while petitioner was engaged in the process of seeking approval for its proposed landfill. There can be little doubt that the Village acted to prevent the construction and operation of the proposed landfill in the vicinity of the Village's reservoir. The Village's acquisition of the property and creation of the Reservoir Watershed Protection Area during the course of the proceedings required by SEQRA and 6 NYCRR part 360 can be viewed as an effort to "short circuit" the appropriate regulatory process and ensure the result desired by the Village. So viewed, the Village's acquisition of the subject property would not be for a valid public purpose, irrespective of whether the permit requirement of ECL 15-1501 is applicable.

■ The Village also claims that use of the subject property in the construction of the proposed landfill will contaminate the reservoir and thereby destroy the prior public use of the reservoir and its watershed. Issues concerning the impact of the proposed landfill on the Village's water supply and the protective measures to be taken to prevent such an impact are clearly relevant considerations under SEQRA and 6 NYCRR part 360. The record reveals that Village officials and other interested parties vigorously pursued their objections and concerns during the course of the administrative proceedings and expert evidence was presented on the issues. The Commissioner of DEC determined that the landfill did not pose a threat of contamination to the Village's water supply.* The Village cannot relitigate the issue in this proceeding (see, *Ryan v New York Tel. Co.,* 62 NY2d 494).

■ The final argument by the Village is that petitioner failed to comply with the hearing requirements of EDPL article 2 before commencing this proceeding. Supreme Court concluded that petitioner was exempt from those requirements under EDPL 206 since the issues identified in EDPL 204 (B) were considered during the course of the proceedings

---

* Petitioner alleges that the Village has commenced a CPLR article 78 proceeding to review this determination.

conducted pursuant to SEQRA and 6 NYCRR part 360. Our review of the record reveals ample support for this conclusion. The judgment should be affirmed.

MAHONEY, P. J., KANE, WEISS and MERCURE, JJ., concur.

Judgment affirmed, without costs.