# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**321**
**CA 15-01295**
PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF JOHN T. SMOKE AND LYNN
SMOKE, INDIVIDUALLY AND DOING BUSINESS
AS HIDDEN FALLS SPRING WATER,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                                      MEMORANDUM AND ORDER

PLANNING BOARD OF TOWN OF GREIG,
RESPONDENT-DEFENDANT-RESPONDENT.

---

BOND, SCHOENECK & KING, PLLC, UTICA (RAYMOND A. MEIER OF COUNSEL), FOR
PETITIONERS-PLAINTIFFS-APPELLANTS.

HRABCHAK & GEBO, P.C., WATERTOWN (MARK G. GEBO OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT.

WOODS OVIATT GILMAN LLP, ROCHESTER (DONALD W. O'BRIEN, JR., OF
COUNSEL), FOR CHARLES BENZING AND LORRAINE BENZING, AMICI CURIAE.

-----------------------------------------------------------------------------------------------------

    Appeal from a judgment (denominated order) of the Supreme Court, Lewis County (Hugh A. Gilbert, J.), entered December 1, 2014 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment, among other things, denied the relief requested in the petition-complaint.

    It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

    Memorandum: Petitioners-plaintiffs (petitioners) are owners of land in the Town of Greig (Town) situated in a rural residential district, and they filed a special permit application seeking permission to install 7,600 feet of underground pipeline for the purpose of transporting water from their property to a "load out" facility in a separate town. It was petitioners' intent to "collect[] water from the naturally occurring aquifer under their land . . . [and] to store such water for the purpose of bulk sale." Initially respondent-defendant, Planning Board of Town of Greig (Planning Board), refused to consider the application, thereby forcing petitioners to commence an initial hybrid CPLR article 78 proceeding and declaratory judgment action. Supreme Court granted that petition-complaint (first petition), in part, by ordering the Planning Board "to consider [the application] on the merits according to lawful procedure and standards." The court declined to address that part of the first petition seeking affirmative relief on the application.

The Planning Board thereafter granted the special permit, with several conditions, only one of which is relevant to the instant appeal, i.e., that "[n]o construction on the pipeline may commence until the use of wells on the other property of the applicant[s] [is] approved for commercial uses by the Town of Greig."  Petitioners commenced a second hybrid CPLR article 78 proceeding and declaratory judgment action, by another petition-complaint (second petition), seeking, inter alia, to strike that condition from the special permit and a declaration that the Planning Board was without legal authority to regulate the use of water resources or to require petitioners to secure any additional approval with regard to water extraction from their property.  The court consolidated the two proceedings/actions, but denied the relief requested in the second petition as well as petitioners' request for a declaration.  We now affirm.

As a preliminary matter, we note that where, as here, "issues of law are limited to whether a determination was affected by an error of law, arbitrary and capricious, an abuse of discretion, or irrational, the issues are subject to review only pursuant to CPLR article 78 . . . Indeed, 'a declaratory judgment action is not an appropriate procedural vehicle for challenging the . . . administrative determination[] [in question], and thus the proceeding/declaratory judgment action . . . is properly only a proceeding pursuant to CPLR article 78' " (*Matter of Legacy at Fairways, LLC v McAdoo*, 67 AD3d 1460, 1461; *see generally Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.*, 62 NY2d 763, 765; *Matter of Custom Topsoil, Inc. v City of Buffalo*, 81 AD3d 1363, 1364, *lv denied* 17 NY3d 709).

Contrary to petitioners' contention, the Water Resources Law (ECL article 15) does not preempt local zoning laws concerning land use. Instead, the Water Resources Law preempts only those local laws that attempt "to regulate withdrawals of groundwater," which "includes all surface and underground water within the state's territorial limits" (*Woodbury Hgts. Estates Water Co., Inc. v Village of Woodbury*, 111 AD3d 699, 702; *see* ECL 15-0103 [1]; *Williams v City of Schenectady*, 115 AD2d 204, 205).  The Water Resources Law does not preempt the authority of local governments to "regulate the use of land through the enactment of zoning laws" (*Matter of Norse Energy Corp. USA v Town of Dryden*, 108 AD3d 25, 30, *affd* 23 NY3d 728, *rearg denied* 24 NY3d 981).  Considering, as we must, the language of the statute, the statutory scheme as a whole, and the legislative history of the Water Resources Law (*see Matter of Wallach v Town of Dryden*, 23 NY3d 728, 744, *rearg denied* 24 NY3d 981), we conclude that the intent of the legislation was to regulate water extraction "for commercial and industrial purposes" in order to "preserv[e] and protect[ ]" the natural resource (Assembly Introducer Mem in Support, Bill Jacket, L 2011, ch 401 at 5), "to conserve and control the State's water resources" (Division of the Budget Bill Mem, L 2011, ch 401 at 12), "to manage the State's water resources to promote economic growth and address droughts" (New York State Dept of Envtl Conservation Mem, Bill Jacket, L 2011, ch 401 at 14), and to "assure compliance with the Great Lakes Compact which requires that New York regulate all water withdrawals occurring in the New York portion of the Great Lakes

Basin" (Adirondack Council Mem in Support, Bill Jacket, L 2011, ch 401 at 20; *see Williams*, 115 AD2d at 205). Nothing in the legislation or legislative history indicates any intent to preempt the local government's power to regulate "land use within its borders" (*DJL Rest. Corp. v City of New York*, 96 NY2d 91, 96). Here, as in *Wallach* (23 NY3d at 754-755) and *Matter of Frew Run Gravel Prods. v Town of Carroll* (71 NY2d 126, 133), the statute regulates how a natural resource may be extracted but does not regulate where in the Town such extraction may occur.

Although we agree with petitioners that they are not collaterally estopped from challenging the condition (*see generally Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455; *Ryan v New York Tel. Co.*, 62 NY2d 494, 501), we nevertheless agree with the Planning Board and the amici curiae that the Planning Board did not act "illegally or arbitrarily, or abuse[] its discretion" in imposing the challenged condition on the special permit (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613). "It is well settled that a zoning board may impose appropriate conditions and safeguards in conjunction with a grant of a special permit" (*Matter of Old Country Burgers Co. v Town Bd. of Town of Oyster Bay*, 160 AD2d 805, 806; *see Matter of Dexter v Town Bd. of Town of Gates*, 36 NY2d 102, 105). "Conditions imposed to protect the surrounding area from a particular land use are consistent with the purposes of zoning, which seeks to harmonize the various land uses within a community" (*Matter of St. Onge v Donovan*, 71 NY2d 507, 516). Here, the condition at issue is that, before the pipeline is constructed, petitioners must obtain approval to use the wells on their property for commercial uses. We recognize that "the separation of business from nonbusiness uses is an appropriate line of demarcation in delimiting permitted uses for zoning purposes. On that basis, business uses most certainly may be excluded from residential districts, whose primary purpose, almost by definition, is to provide an environment for 'safe, healthful and comfortable family life rather than the development of commercial instincts and the pursuit of pecuniary profits' " (*Town of Huntington v Park Shore Country Day Camp of Dix Hills*, 47 NY2d 61, 66, *rearg denied* 47 NY2d 1012; *see Matter of Tarolli v Howe*, 37 NY2d 865, 867).

Contrary to petitioners' contention, our decision in *SCA Chem. Waste Servs. v Board of Appeals of Town of Porter* (75 AD2d 106, *affd* 52 NY2d 963) does not dictate a different result. In that case, permission to use the property for an industrial venture had already been granted. We determined that the pipeline sought to be installed was "[not] part of the industrial process" but, rather, "serve[d] solely as a vehicle for transporting the material after the [industrial] process ha[d] been completed" (*id.* at 109). Here, however, petitioners have not yet obtained permission to use their residential property for a commercial venture. We therefore conclude that the court properly denied the relief requested in the second

petition.